**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL A. FYKES,** | ) | **CASE NO.1:08CV1598** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND ET AL.** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendants City of Cleveland ("the City"), Cleveland Police Chief Michael McGrath ("McGrath"), and Cleveland Police Officer Francis Santell's ("Santell") combined Motion for Summary Judgment (ECF DCK #73). Plaintiff Michael Fykes ("Fykes") filed a limited Motion for Summary Judgment (ECF DCK #74) against the City and former Cleveland Police Officer John Browning ("Browning"). Fykes dismissed his claim against Santell but opposes the City and McGrath's Motions. The City, McGrath, and Browning oppose Fykes' Motion. For the reasons that follow, the Court grants the City's Motion for Summary Judgment, grants McGrath's Motion for Summary Judgment, dismisses Santell from the case, and grants Fykes' Motion for Summary Judgment against Browning.

1

Because the Court grants the City's Motion for Summary Judgment, it denies Fykes' Motion for Summary Judgment against the City as moot.

## I. BACKGROUND

Fykes traveled to Cleveland on June 30, 2007, to publicize two rap artists, "Dopey" and "Smokey J." Fykes promoted the artists by taking them to various nightclubs and persuading the clubs to play their music. As he traveled from club to club, Fykes consumed numerous alcoholic drinks. At the end of the night, Fykes went to the Holiday Inn Express on Euclid Avenue to meet up with some acquaintances. However, Fykes passed out in a chair in the sixth-floor lobby and never met his acquaintants.

A hotel employee found Fykes in the lobby and tried to wake him. The employee called the Cleveland Police when Fykes did not respond. Officers Santell and Browning arrived at the hotel and tried to rouse Fykes. As shown by a hotel surveillance tape, Browning tried to rouse Fykes by lightly kicking him. Upon failing to respond, Browning forcefully backhanded Fykes, who immediately stood up and confronted Browning. Browning subsequently pushed Fykes and the two began fighting. The altercation took Browning and Fykes out of the surveillance camera's view.

While off-camera, Santell separated Browning and Fykes. Browning then pepper sprayed Fykes, temporarily incapacitating Fykes and Santell. The officers handcuffed Fykes, and everyone eventually moved back into the camera's view. The surveillance camera shows Browning holding an ASP baton and walking away from Fykes. Fykes has a bloody face.

The Cleveland Police Department's Internal Affairs Unit conducted an investigation into the incident. The investigation determined that Browning struck Fykes with an ASP baton after

Fykes was handcuffed. An internal affairs report summarizing the investigation concluded that Browning used excessive force against Fykes, and the State subsequently filed criminal charges against Browning. Browning pled guilty to assault. *Ohio v. Browning*, No. CR-08-507031 (Cuyahoga County Ct. Com. Pl. April 15, 2008).

Fykes filed a suit against the City, McGrath, Santell, and Browning claiming, *inter alia*, that the Defendants used excessive force against him in violation of his Fourth and Fourteenth Amendment rights. Fykes, the City, McGrath, and Santell have filed motions for summary judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). The initial burden to demonstrate the absence of a genuine issue of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When a motion for summary judgment is properly made and supported" the initial burden shifts to the opposing party, who "may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A fact is material only if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, the Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *Anderson*, 477 U.S. at 249-250.

**B. Fykes' Motion for Summary Judgment Against Browning**

Fykes argues that Browning's guilty plea precludes him from arguing he did not use excessive force when arresting Fykes. In the alternative, Fykes argues that Browning's guilty plea, the surveillance tape, and the internal affairs investigation demonstrate that Browning used excessive force against him.

**1. Collateral Estoppel**

Collateral estoppel prevents the repetitive litigation of issues actually decided in a previous lawsuit. 18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4416 (2d ed. 2010). Federal courts apply state preclusion law when determining if preclusion bars a particular claim. *United States v. Dominguez*, 359 F.3d 839, 841 (6th Cir. 2004). In Ohio, mutual issue preclusion applies when "a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'" *In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999) (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994)). Non-mutual issue preclusion, in contrast, applies when a second lawsuit involves different parties than the first lawsuit. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979). Ohio does not recognize offensive non-mutual issue preclusion where a plaintiff seeks to rely upon a defendant's related criminal conviction in a subsequent civil suit. *See Phillips v. Rayburn*, 113 Ohio App. 3d 374 (1996); *Bukowski v. Hall*, 165 F.Supp. 2d 674 (N.D. Ohio 2001). However, the Court may consider Browning's guilty plea as probative evidence regarding his culpability. *Id.* Therefore, the Court concludes that Fykes' Motion cannot succeed based solely upon collateral estoppel.

### 2. Excessive Force

Fykes argues Browning used excessive force against him, thus violating his right to be free of an unreasonable seizure. Determining if a seizure is reasonable entails balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). A proper balancing analysis considers the

5

circumstances of each case, including, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The Court judges an officer's reasonableness from the perspective of an officer at the scene rather than through its own hindsight. *See id.* The Court analyzes each use of force separately when an officer uses multiple forces against an individual. *Gaddis ex rel Gaddis v. Redford Tp.*, 364 F.3d 763, 772 (6th Cir. 2004). Here, the Court considers three separate uses of force: the initial backhand, the ensuing brawl, and the use of a baton.

Browning's backhand constitutes excessive force because it was completely unprovoked. The surveillance tape shows Fykes passed out in a chair when the officers arrived. When Fykes did not respond, Browning forcefully backhanded Fykes. In accordance with *Graham*, *supra*, the Court notes public intoxication is a minor misdemeanor in Ohio. OHIO REV. CODE ANN. § 2917.11 (2010). Here, there was no need to use this amount of force against Fykes because Fykes did not even respond to Browning. Thus, Fykes was neither an immediate threat to Browning, nor was he actively resisting arrest. *See, e.g., Solomon v. Auburn Hills Police Dept.*, 389 F.3d 167, 174 (6th Cir. 2004); *see also Holmes v. City of Massillon*, *Ohio*, 78 F.3d 1041, 1048 (6th Cir. 1996). Although not every use of force generates liability, the gratuitous use of force on an incapacitated individual constitutes an excessive use of force. *Compare Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 725-726 (6th Cir. 1996) (teacher not liable under § 1983 for slapping student) *with Morrison v. Board of Trustees of Green Tp.*, 583 F.3d 394, 407 (6th Cir. 2009) (declining to excuse liability based on plaintiff's *de minimis* injury). Accordingly, the Court finds that Browning's backhand was an excessive use of force.

After Browning struck Fykes, Fykes stood up and confronted Browning. Browning pushed Fykes away from him, and the two started fighting. A police officer is entitled to use reasonable force when making an arrest. *Marvin v. City of Taylor*, 509 F.3d 234, 252 (6th Cir. 2007). An officer is not liable for using reasonable force during an arrest even if he created the need to use force. *See Whitlow v. City of Louisville*, 39 F. App'x 297, 305 (6th Cir. 2002); *Dickerson v. McClellan*, 101 F.3d 1151, 1160-61 (6th Cir. 1996). Given Fykes' readiness to defend himself and the apparent danger he posed to Browning, the Court finds that the physical altercation between Fykes and Browning did not involve an unreasonable use of force. *See Graham v. Connor*, 490 U.S. at 396.

Once restrained, Fykes attests that Browning struck his face with an ASP baton (ECF DCK #91-1). The internal affairs report supports Fykes' sworn statement. As Browning does not expressly deny striking Fykes with a baton, Fykes' statement is essentially unrebutted. Regardless, Browning attempts to generate a material issue of fact by arguing that the surveillance tape does not show him striking Fykes with a baton and that a hotel employee, Michael Biddle, did not see Browning strike Fykes. A careful review of the surveillance tape confirms Browning's argument. However, as much of the altercation took place off-camera, Browning's slight-of-hand argument fails to fundamentally contradict Fykes' allegations. *See Tapp v. Banks*, 1 F. App'x 344, 350-351 (6th Cir. 2001) (reversing grant of summary judgment based upon contradicting deposition testimony). Likewise, Browning's reliance upon Biddle's testimony does not create a genuine issue of material fact because Biddle left the lobby for four minutes after the officers handcuffed Fykes. *Id.* Thus, the Court concludes that Browning has not raised a triable issue of fact regarding whether he did or did not strike Fykes with a baton.

7

The Court concludes that Browning used excessive force on Fykes when he struck him with his ASP baton. Per *Graham*, *supra*, the Court observes that assaulting an officer is a felony. OHIO REV. CODE ANN. § 2903.13 (2010). Despite the severity of Fykes' prior conduct, Browning used excessive force because Fykes, once handcuffed, no longer posed a serious threat to Browning. Likewise, there was no need to control Fykes with a baton because he was not attempting to flee or resist arrest. *See, e.g., Jones v. City of Cincinnati*, 521 F.3d 555, 559-60 (6th Cir. 2008) (disapproving of baton use on subdued individual); *Solomon*, 389 F.3d at 173 (6th Cir. 2004) (questioning use of force on handcuffed suspects); *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006) (same). Consequently, the Court concludes that Browning used excessive force against Fykes and grants Fykes' Motion for Summary Judgment against Browning.

**C. Chief McGrath's Motion for Summary Judgment Against Fykes**

McGrath moves for summary judgment on the grounds that Fykes cannot demonstrate he failed to adequately supervise Browning and that he is entitled to qualified immunity. Fykes responds by arguing that McGrath is liable because he failed to supervise Browning and that McGrath is not entitled to qualified immunity.

**1. Supervisory Liability**

Fykes admits that McGrath has not personally violated his constitutional rights. Nonetheless, Fykes attempts to establish McGrath's liability based upon his role as Browning's supervisor. A supervisory official is liable if he or she, acting under state law, actively endorses or implicitly authorizes conduct violating a clearly established constitutional right. *Summers v. Leis*, 368 F.3d 881, 887-88 (6th Cir. 2004); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). The plaintiff's claim

8

cannot rest upon a mere supervisory relationship; rather, the plaintiff must allege the defendant's actions were deliberately indifferent to his or her constitutional rights. *Id.*; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). In this regard, Fykes cannot base his failure-to-supervise claim on simple negligence or McGrath's failure to discipline Browning. *See Leach*, 891 F.2d at 1246; *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

Fykes argues McGrath should have known Browning posed a threat to others based upon numerous complaints about Browning. However, Fykes does not advance any reasoning as to why McGrath should have known about the complaints. Likewise, Fykes presents no evidence to demonstrate that McGrath knew or should have known of Browning's prior conduct. Thus, Fykes cannot demonstrate McGrath implicitly authorized Browning's conduct. *Cf. Curry v. Scott*, 249 F.3d 493, 508 (6th Cir. 2001) (Eighth Amendment case requiring plaintiff to prove supervisor had actual knowledge officer posed a threat to inmates).

### 2. Qualified Immunity

Additionally, Fykes' cursory argument that McGrath is not entitled to qualified immunity simply reiterates his argument that McGrath is not entitled to summary judgment. Thus, Fykes has not shown McGrath's actions were objectively unreasonable, and therefore has failed to show McGrath is not entitled to the defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Humphry v. Mabry*, 482 F.3d 840, 846 (6th Cir. 2007) (requiring plaintiff to prove defendant is not entitled to qualified immunity once defendant raises the defense). Consequently, the Court denies Fykes' Motion for Summary Judgment and grants McGrath's Motion for Summary Judgment.

**D. The City's Motion for Summary Judgment Against Fykes**

### 1.  Negligent Hiring and Retention

The City argues section 2744.02(A)(1) of the Ohio Revised Code bars Fykes' negligent hiring and retention claim against the City.  Fykes does not oppose this argument and has dismissed this claim against the City.

### 2.  *Monell* Liability

The City argues it is not liable because Fykes has not identified the custom, policy, or practice that violated his civil rights, and thus cannot prevail under *Monell*.  *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Fykes responds by arguing McGrath's failure to discipline Browning proves the City has adopted inadequate training policies and that the City tolerates civil rights violations.

Fykes argues the City is not entitled to summary judgment under a failure-to-train theory.  Specifically, Fykes argues McGrath is a final policy maker for the City and that McGrath's failure to discipline Browning establishes the City's *Monell* liability.  While McGrath could be a final policy maker for the City, Fykes has not produced any evidence demonstrating that McGrath is a final policy maker for the City.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-483 (1986); *Feliciano v. City of Cleveland*, 988 F.2d 649, 655-56 (6th Cir. 1993) (determining that the police chief does not set the drug testing policy for police department).  Therefore, Fykes cannot argue that the City has adopted an inadequate training policy.  Consequently, Fykes' argument essentially asks the Court to hold the City liable under a *respondeat superior* theory in contravention of *Monell*.  *See Pembaur*, 475 U.S. at 478-79; *Feliciano*, 988 F.2d at 654-55.  Accordingly, the Court grants the City's Motion for Summary Judgment.  Because the Court grants the City's Motion for Summary Judgment, it denies Fykes'

Motion against the City as moot.

## IV. CONCLUSION

The Court grants the City's Motion for Summary Judgment because Fykes has not identified a genuine issue of material fact to demonstrate that McGrath is an official policy maker for the City. Likewise, summary judgment is appropriate because Fykes has not identified a City-held custom, policy, or practice that violated his civil rights. Further, the Court grants McGrath's Motion for Summary Judgment because Fykes has not produced any evidence demonstrating McGrath was deliberately indifferent to Fykes' rights. Because the Court has determined the City and McGrath are entitled to summary judgment, the Court denies Fykes' Motion for Summary Judgment against the City and also denies his Motion to Continue the Hearing so that he may take additional depositions. The Court also dismisses Fykes' negligent hiring and retention claim against the City and his claim against Santell per his voluntary dismissal of these claims.

Finally, the Court grants Fykes' Motion for Summary Judgment against Browning because Browning used excessive force on Fykes when he backhanded him and struck him with an ASP baton. The case remains open on the issue of damages against Browning.

    IT IS SO ORDERED.

    DATE: 3/3/11

    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    United States District Judge